### SCHULTZE v. SCHULTZE.

DIVORCE—EXTREME CRUELTY.
> In a suit for divorce by the husband, a decree in favor of the wife, on her cross-bill, on the ground of extreme cruelty, and an equal division of the property, which was held by them by the entireties, *held*, justified by the record.

Appeal from Wayne; Carr (Leland W.), J., presiding.    Submitted April 25, 1924.    (Docket No. 8.) Decided June 2, 1924.

Bill by Charles W. Schultze against Anna J. Schultze for a divorce.    Defendant filed a cross-bill for a divorce.    From a decree for defendant, both parties appeal.    Affirmed.

*Barbour & Martin,* for plaintiff.

*William Henry Gallagher,* for defendant.

MOORE, J.   The parties to this litigation were married June 17, 1891, and have one son who is an adult.   If the testimony of each of the parties is to be believed their married life from nearly the beginning has been a very unhappy one, and finally culminated in the plaintiff filing a bill of complaint for a divorce on the ground of cruelty, and for the division of their real estate which was held by the entireties. The wife filed an answer in the nature of a cross-bill, in which she denied all acts of cruelty and averred that plaintiff was very cruel to her, stating with much detail the acts of claimed cruelty, and prayed for a divorce, and that the real estate might all be given to her.   The case was heard in open court. The trial judge made a decree granting defendant a decree of divorce.   He also decreed that the real estate be sold, and that after paying the mortgage upon it, the balance be equally divided between the plaintiff and defendant.   Both parties bring the case into this court by appeal.

The defendant strenuously urges that all the property should be given to her.   It would profit no one to recite the details of the unsavory testimony which appears in the record.   We shall content ourselves with saying that a painstaking reading of the entire record and the briefs has not persuaded us that the decree should be either modified or reversed.

It is affirmed, but without costs to either party.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.